THE PEOPLE v. EUGENE BURKHARDT.

*Criminal law—Malicious injury to building.*

This case is ruled by *People v. Petheram*, 64 Mich. 252, there being evidence (see opinion) from which the jury could infer malice, it being the natural inference from the facts proved.

Error to recorder's court of Detroit. (Swift, J.) Submitted on briefs October 17, 1888. Decided October 26, 1888.

Respondent was convicted of malicious injury to a building, and sentenced to State prison for four years. Judgment affirmed. The facts are stated in the opinion.

*James D. May,* for respondent.

*Moses Taggart,* Attorney General, and *George F. Robison,* Prosecuting Attorney, for the people.

CHAMPLIN, J. Burkhardt was convicted of willfully and maliciously injuring a certain building, to wit, the building of Aletta A. Craig, No. 90 Alfred street, in the city of Detroit, by cutting lead pipes, tearing off faucets, and breaking plaster therein, to the damage thereof of $120.

The people gave evidence tending to show that on the 14th day of October, 1887, the defendant was seen in the building mentioned in the information, which was an unoccupied dwelling-house. Later in the day he was seen getting over the back fence of the yard in which the building was, with a bag on his shoulder. He was followed, when he dropped the bag, and ran away. In the bag were found a lot of lead pipe and brass faucets, which had been cut and torn from the aforesaid building. It was shown that on the day previous the house was in good condition.

George W. Snover testified that he examined the house the afternoon of the 14th of October, and found that the lead pipe and the small connections, and the lead pipe that runs into the wash-stand, and the wash-stand pipes, and the faucets in the bath-room, had been stripped and taken from the house, and the lead-pipe that had formerly been left in had been taken, and the ceiling was broken through, and there was considerable damage done to the plastering and walls.

The following question was asked of the witness, and his answer given:

"*Q.* What else was there that attracted your particular attention in the house besides the lead pipe that was gone, and the faucets that were taken out, and the plastering that was broken?

"*A*. From the plastering or ceiling in the hall they tore that open, and they tore the zinc from the wash-basin that was of no value to them, but they didn't take it away, and they tore it out and destroyed them, and of course they had to be put back; we had to have new ones put in. They tore up the zinc in two of the wash-basins; but they didn't carry it away. They had wrenched the doors off two of the wash-basins, and in doing this they didn't show any skill in taking the things out; they did considerable damage to the moulding, plastering, and papering, and the wood-work about the wash-basin."

This witness testified that he was agent for the rental of the house; that he did not know the defendant, and had no reason to believe that defendant had any malice towards the owner of the house. The testimony tended to show that the damage done the house was $125.

The defendant's attorney requested the court to charge the jury that no evidence of malice had been given, and that they must acquit the defendant; which request was refused, and the defendant excepted; and this refusal constitutes the only allegation of error.

This case is ruled by that of *People v. Petheram*, 64 Mich. 252 (31 N. W. Rep. 188). There was evidence from which the jury could infer malice. It was the natural inference from the facts proven.

The judgment must be affirmed.

The other Justices concurred.